The **MESCALERO APACHE TRIBE**, an Indian Tribe, Plaintiff-Appellant,

v.

**BURGETT FLORAL COMPANY**, a corporation, et al., Defendants-Appellees.

No. 73–1870.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted by Appellant only July 10, 1974.

Decided Sept. 3, 1974.

Before LEWIS, Chief Judge, and MOORE* and DOYLE, Circuit Judges.

MOORE, Circuit Judge.

This is an appeal from the dismissal for want of federal jurisdiction of a complaint to recover for trespass brought by an Indian Tribe in the United States District Court for the District of New Mexico. The underlying facts in this case are simple. Appellant, the Mescalero Apache Tribe, recognized by the United States by treaty (Treaty of July 1, 1852 10 Stat. 979) and organized pursuant to the Indian Organization Act, 25 U.S.C. § 476 (1970) alleged that the appellees, local companies and an individual engaged in arborculture, entered on their reservation without permission and destroyed trees thereon, causing damage to appellant in the amount of $5,000.[1] Jurisdiction in Federal Court was asserted under 28 U.S.C. § 1362 (1970) which states:

> The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.

The District Court, however, dismissed the complaint for failure to state a proper federal question under this section.[2] We reverse.

The District Court's order was without opinion, but it may be surmised that its reasoning was similar to that employed by the Second Circuit in the case of Oneida Indian Nation v. Oneida, 464 F.2d 916 (2d Cir. 1972), rev'd, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974),

F. Randolph Burroughs, Alamogordo, N. M. (Fettinger and Burroughs, Alamogordo, N. M., on the brief), for plaintiff-appellant.

S. Thomas Overstreet, Alamogordo, N. M., for defendants-appellees.

* Hon. Leonard P. Moore, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. Appellant initially sought actual damages in the amount of $1,674.87 and punitive damages of twice that amount. However, by an amended complaint the first figure was increased to $5,000 and the second to $10,000.

2. The District Court's order was entered prior to the decision of Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974).

in affirming the dismissal of a similar action. Here it was contended that:

> [Plaintiffs'] success depends upon establishment of their right to possession, [citation omitted] and the action is thus basically in ejectment. As to this, a long and unbroken line of Supreme Court decisions holds that the complaint in such an action presents no federal question even when a plaintiff's claim of right or title is founded on a federal statute, patent or treaty.

464 F.2d at 920.

However, the Supreme Court on certiorari distinguished that unbroken line and, in reversing, stated:

> In the present case, however, the assertion of a federal controversy does not rest solely on the claim of a right to possession derived from a federal grant of title whose scope will be governed by state law. Rather, it rests on the not insubstantial claim that federal law now protects, and has continuously protected from the formation of the United States, possessory rights to tribal lands, wholly apart from the application of state law principles which normally and separately protect a valid right of possession.

414 U.S. at 677, 94 S.Ct. at 782.

The Court then concluded that the appellants had stated a proper cause of action under 28 U.S.C. § 1331 (1970).

■ In relating *Oneida* to the present case, it seems clear that the Mescalero Apache Tribe is an Indian Tribe for the purposes of § 1362. It further seems clear that the scope of matters arising "under the Constitution, laws, or treaties of the United States" should be at least as broad under § 1362 as under § 1331.[3] Therefore, for appel-

lees to prevail, they must sufficiently distinguish the cause of action in *Oneida*, ejectment, from trespass, the one at bar, so as to provide a rationale for different jurisdictional conclusions. This, in our opinion, cannot be done.

■ Appellees argue that in *Oneida* the Indians were not in possession nor was their right to title clear—hence, there was a special federal interest in returning them to their rightful position as owners. However, in the present case the Indians have possession of their reservation and their title is clear and undisputed. All they now seek is compensation for damages allegedly suffered by actions committed against their possessory interests.

We do not find this distinction between these possessory rights (ejectment), as distinguished from trespass, persuasive. The Supreme Court in *Oneida* spoke of protecting "possessory rights to tribal lands." 414 U.S. at 677, 94 S.Ct. 772. Almost by definition the right to sue in trespass is a "possessory right," W. Prosser, Law of Torts § 13 at 68–69 (4th ed. 1971), for if there is no such right, one's possession can be protected only by force. In point of fact ejectment developed out of trespass and presently remains strongly akin to it. 1 Harper and James, J., The Law of Torts, 6–7 (1956); 7 W. Holdsworth, A History of English Law, 7 (3rd ed. 1923). We therefore can see no reason why the present case should merit different treatment than that mandated by the Supreme Court in Oneida.

The decision of the District Court is therefore reversed and the case remanded for further proceedings in accordance with this opinion.

---

3. We note that there has been some argument that § 1362 should be construed more broadly than § 1331. Oneida Indian Nation v. Oneida, 464 F.2d 916, 924–925 (2d Cir. 1972) (Judge Lumbard, dissenting).