**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| THE KALISPEL TRIBE OF INDIANS, a Native American tribe,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>SPOKANE RACEWAY PARK, INC., a Washington corporation; et al.,<br><br>        Defendants,<br><br> and<br><br>ORVILLE MOE; et al.,<br><br>        Defendants - Appellants. | No. 08-36022<br><br>D.C. No. 2:03-cv-00423-EFS<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted November 6, 2009[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

Orville and Deonne Moe appeal the district court's summary judgment disposing of Orville Moe's counterclaims and the district court's denial of the Moes' motion to reconsider granting summary judgment against them for damages. We affirm.

The district court had jurisdiction over the claims despite the Moes' assertion otherwise. *See Oneida Indian Nation of N.Y. State v. Oneida County, New York*, 414 U.S. 661, 677 (1974); *see also Mescalero Apache Tribe v. Burgett Floral Co.*, 503 F.2d 336, 338 (10th Cir. 1974). While no party challenged our appellate jurisdiction, we examined that question independently and determined that we have jurisdiction. Although the district court never finally resolved the Tribe's claims against the Moes for a permanent injunction and for quiet title, it is clear that the district court intended to dispose of all the claims before it, and it is clear from the Tribe's filings that it has treated this case as finally decided in the district court and has abandoned any unresolved claims. *See Lovell v. Chandler*, 303 F.3d 1039, 1049–50 (9th Cir. 2002).

The district court properly held that Orville Moe's counterclaims for tort damages are barred by tribal sovereign immunity. The Kalispel Tribe made no

2

express and unequivocal waiver to its immunity from those claims. *See United States v. Jame*s, 980 F.2d 1314, 1319 (9th Cir. 1992).

We need not decide whether the Tribe waived its immunity to Orville Moe's counterclaim for contract damages as a third-party beneficiary, because Moe failed to present a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Neither the Joint Venture Agreement nor any other document specified the amount of compensation board members were to receive or how that amount was to be determined. Given the lack of details in the agreement, Moe had to produce evidence of what compensation was due and that the Tribe was responsible for that compensation. He failed to do so.

The board-meeting minutes suggest that the Tribe bore no responsibility for compensating Moe. Moe's argument that the lawyers identified in the minutes were not empowered to amend the Joint Venture Agreement is beside the point. The discussion as reported in the minutes does not appear to have been intended or treated as an amendment to that agreement. Rather, the minutes appear to reflect how those involved—including Moe—interpreted the agreement. Moe was present at the meeting and apparently voiced no disagreement or objection. Most importantly, he submitted no evidence in favor of a contrary interpretation of the agreement.

The Moes failed to comply with the district court's local rules in opposing the Tribe's motion for summary judgment for damages. They submitted an inadequate response that was four weeks late. District courts have broad discretion in interpreting and applying their local rules. *See Farrakhan v. Washington*, 338 F.3d 1009, 1013 n.7 (9th Cir. 2003); *Delange v. Dutra Construction Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999). The district court did not abuse its discretion when it accepted the facts upon which the Tribe based its motion as "admitted to exist without controversy." *See* E.D. Wash. L.R. 56.1(d). Nor did it abuse its discretion when it denied the Moes' attempt to raise arguments in a motion to reconsider that should have been raised in a proper response to the Tribe's motion for summary judgment. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

The judgment of the district court is AFFIRMED. Because we disagree that the Moes' appeal was frivolous, the Tribe's motion for sanctions is DENIED.